**WEBB et al. v. UNITED STATES.**

No. 6736.

Circuit Court of Appeals, Third Circuit.

Aug. 30, 1938.

Rehearing Denied Sept. 30, 1938.

John M. Henry, of Pittsburgh, Pa., for appellants.

Hugh A. Fisher, Acting Head of Criminal Division, Department of Justice, of Washington, D. C., Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., William W. Barron and Thomas W. Lanigan, Sp. Assts. to Atty. Gen., and William J. Connor and Benjamin M. Parker, Sp. Attys., Department of Justice, both of Washington, D. C., for the United States.

Before DAVIS, BIGGS and MARIS, Circuit Judges.

PER CURIAM.

The defendants appealed from a judgment of conviction in the District Court for the Western District of Pennsylvania upon an indictment charging them with unlawful use of the mails in connection with a scheme to defraud and with conspiracy. Motions for a new trial and in arrest of judgment were refused by the court below. On this appeal the appellants complain of the refusal by the court below of their applications for continuances and of their motions for withdrawal of a juror.

As to the first an examination of the record has satisfied us that the refusal of the appellant's motion for a continuance of the trial to the next term was a proper exercise of its discretionary power. It is evident that what the defendants really desired was a continuance for one week and substantially this amount of time was granted them.

Nor do we find any error affecting the substantial rights of the appellants in the refusal of the court below to withdraw a juror because of the Government's offers of irrelevant evidence and because of irrelevant arguments of Government counsel to the jury. The jury was properly cautioned and instructed by the trial court and we are satisfied that appellants were not prejudiced by the offers of irrelevant evidence which the court excluded or by the arguments of the Government counsel of which they complain.

Nor do we think the court erred in refusing to withdraw a juror because of references made by Government counsel to the contract referred to as Exhibit 29. The appellants urge that this contract was procured from them in violation of the Fourth Amendment to the Federal Constitution, U.S.C.A.Const. Amend. 4, and was, therefore, not admissible. We

find in the record no basis for this objection, however, since it appears that it was voluntarily produced by one of the defendants to a Post Office Inspector and identified by him at a hearing before the Solicitor of the Post Office Department at which the defendants were present and represented by counsel.

Affirmed.